UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAUREN AYRES<br>1027 Allen Ave.<br>Ashtabula, OH 44004<br><br>*On behalf of herself and all others similarly situated,*<br><br>        Plaintiff,<br><br>   *v.*<br><br>WILLING HANDS INC.<br>c/o Statutory Agent Yvonne Wallace<br>16417 Braddock Avenue<br>Cleveland, OH 44110<br><br>   *and*<br><br>YVONNE WALLACE<br>7100 Broadway Ave.<br>Cleveland, OH 44105<br><br>        Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND<br>COLLECTIVE ACTION<br>COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Lauren Ayres, by and through counsel, for her Class and Collective Action Complaint against Defendants Willing Hands Inc. (hereinafter "Willing Hands") and Yvonne Wallace (hereinafter collectively referred to as "Defendants"), states and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this case to challenge the policies and practices of Defendants Willing Hands and Yvonne Wallace that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by

any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Lauren Ayres was a citizen of the United States and a resident of Ashtabula County, Ohio.

6. Defendant Willing Hands is an Ohio corporation for profit[1] with its principal place of business in Cuyahoga County, Ohio. Defendant Willing Hands also operates a secondary location out of Ashtabula County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Willing Hands' statutory agent for service of process is Yvonne Wallace, 16417 Braddock Avenue, Cleveland, OH 44110. Defendant Yvonne Wallace is, upon

---

[1] https://businesssearch.sos.state.oh.us/?=businessDetails/1767967 (accessed Dec. 30, 2018).

information and belief, a citizen of the United States and a resident of Cuyahoga County, Ohio. Defendant Yvonne Wallace is the founder, principal[2] and owner [3] of Defendant Willing Hands.

## FACTUAL ALLEGATIONS

### Defendants' Business

7. Defendant Willing Hands is a home health agency providing home health aides.[4] Defendant Willing Hands operates out of 7100 Broadway Ave. Cleveland, OH 44105.[5]

### Defendants' Statuses as Employers

8. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff.

9. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

10. Defendant Yvonne Wallace is an employer pursuant to 29 U.S.C. § 203(d) in that she is a "person [who] act[ed] directly or indirectly in the interest of an employer," Willing Hands, "in relation to employees," including Plaintiff. Defendant Yvonne Wallace is also an employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of Willing Hands' day-to-day functions, including the compensation of employees.

11. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

---

[2] https://www.bbb.org/us/oh/cleveland/profile/home-health-care/willing-hands-inc-0312-92007376 (accessed Dec. 29, 2018).
[3] https://www.manta.com/c/mtrhn5t/willing-hands-inc (accessed Dec. 29, 2018).
[4] *See* https://www.willinghandsinc.com/about_us (accessed Dec. 29, 2018).
[5] *Id.* (accessed Dec. 29, 2018).

3

### Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt Employment Statuses with Defendants

13.     Plaintiff Lauren Ayres has been employed by Defendants from approximately June 2017 to the present as a direct care support / home health aide.

14.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

15.      At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

16.     In *Home Care Association of America, et al. v. Weil*, 78 F.Supp. 3d 123 (D.C. Cir. 2015), the District of Columbia Circuit Court of Appeals unanimously upheld the U.S. Department of Labor's Home Care Final Rule, effective January 1, 2015, which extended the overtime provisions of the FLSA to home care employees, including Plaintiff, the FLSA Collective, and Ohio Class.

17.     Effective January 1, 2015, home care employees, including Plaintiff, the FLSA Collective, and Ohio Class are non-exempt employees, and must be compensated at one and one-half times their normal hourly rate for hours worked over forty (40) in a week.

### Defendants' Failure to Pay Overtime Compensation

18.     During their employment with Defendants, Plaintiff, the FLSA Collective, and the Ohio Class were required to work substantial amounts of overtime.

19.     Plaintiff's payroll records, for example, demonstrate that Plaintiff regularly worked 80 or more hours each biweekly pay period, or 40 or more hours each workweek. For example, during the two week pay period July 23, 2017 to August 5, 2017, Plaintiff's paystubs

indicate that Plaintiff worked 134 hours, or a minimum of 54 hours of overtime (134-80 regular hours); during the two week pay period November 12, 2017 to November 25, 2017, Plaintiff's paystubs indicate that Plaintiff worked at least 109 hours, or a minimum of 29 hours of overtime (109-80 regular hours); and during the two week pay period December 9, 2018 to December 22, 2018, Plaintiff's paystubs indicate that Plaintiff worked 176 hours, or a minimum of 96 hours of overtime (176-80 regular hours).

20. However, instead of compensating Plaintiff, the FLSA Collective, and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants regularly paid Plaintiff, the FLSA Collective, and the Ohio Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek. For example, during the two week pay period July 23, 2017 to August 5, 2017, Plaintiff's paystubs indicate that Plaintiff worked 134 hours and was paid $9.50 per hour for 80 hours, and $11.00 per hour for 54 hours for a total gross pay of $1,354.00; during the two week pay period November 12, 2017 to November 25, 2017, Plaintiff's paystubs indicate that Plaintiff worked at least 109 hours and was paid $9.50 per hour for 80 hours, and $11.00 per hour for 29 hours; and during the two week pay period December 9, 2018 to December 22, 2018, Plaintiff's paystubs indicate that Plaintiff worked 176 hours and was paid $9.50 per hour for 80 hours, and $12.00 per hour for 96 hours for a total gross pay of $1,912.00.

21. Although Defendants suffered and permitted Plaintiff, the FLSA Collective, and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff, the FLSA Collective, and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff, the FLSA

Collective, and Ohio Class were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

22. Defendants' failure to compensate Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendants' Failure to Pay All Hours Worked

23. In addition to the above unlawful overtime payroll practices or policies, while Plaintiff, the FLSA Collective, and Ohio Class were paid on an hourly basis, Defendants consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all hours worked. 29 U.S.C. §§ 206-207.

24. For example, Defendants did not calculate or pay Plaintiff, the FLSA Collective, and/or Ohio Class for travel time between client locations, from job site to job site, during weeks in which they worked 40 or more hours. 29 C.F.R. § 785.38.

25. As a result, Plaintiff, the FLSA Collective, and Ohio Class were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### Defendants' Record Keeping Violations

26. The FLSA, 29 U.S.C. § 211(c), and O.R.C. § 4111.14 require employers to create and keep precise records of wages and hours worked, including overtime hours.

27. Defendants have failed to keep accurate records of all hours worked, including overtime hours, as required under Federal and Ohio law.

6

28. The above payroll practices resulted in overtime wage violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

### The Willfulness of Defendants' Violations

29. Defendants knew that Plaintiff, the FLSA Collective, and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

30. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

33. The FLSA Collective consists of:

All present and former non-exempt employees of Defendants who performed home care services during the period of three years preceding the commencement of this action to the present.

34. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former non-exempt employees of Defendants who performed home care services during the period of two years preceding the commencement of this action to the present.

39. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

40. There are questions of law or fact common to the Ohio Class, including but not limited to:

8

  Whether Defendants paid overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek;

  Whether Defendants' failure to pay overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek was willful; and

  What amount of monetary relief will compensate Plaintiff and other members of the class for Defendants' violation of O.R.C. 4111.03 and 4111.10.

41. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

42. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

43. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

47. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

48. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

49. Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

50. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

51. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

54. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

55. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

56. These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

57. Having injured Plaintiff, the FLSA Collective, and Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law." O.R.C. § 4111.10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff compensatory and punitive damages, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)